**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF RHODE ISLAND**

| | |
|---|---|
| **RHODE ISLAND TEXTILE COMPANY,**<br><br>     **Plaintiff**<br><br>     **V.**<br><br>**HOLLYWOOD FASHION SECRETS, INC.**<br><br>     **Defendant** | CIVIL ACTION NO.:   1:14-cv-456 |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Rhode Island Textile Company (hereinafter "RI Textile" or "Plaintiff"), by and through its undersigned counsel, for its complaint against Defendant Hollywood Fashion Secrets, Inc. (hereinafter "Hollywood" or "Defendant"), states as follows:

1.    This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §1114(a), unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. §1125(a), and common law trademark infringement, arising from Defendant's unauthorized use of Plaintiff's federally registered trademark FASHION EMERGENCY®, for lint rollers; sweater combs to remove pills from sweaters and knit items; clothes brushes to brush lint, dust, hair and dandruff from clothes; and for double-sided body and clothing tape to keep clothing in place; clothing tape, namely, hem tape to keep clothing in place; sewing kits

}

consisting of sewing needles, sewing scissors, needle threader, pin cushion, safety pins and buttons.

## Parties

2.     RI Textile is a corporation with a principal place of business located at 211 Columbus Avenue, Pawtucket, Rhode Island 02861.

3.     Upon information and belief, Defendant Hollywood is a corporation organized under the laws of the state of Minnesota, with a principal place of business at 219 Second Street North, Suite 310, Minneapolis, Minnesota 55401.  Upon information and belief, Hollywood regularly solicits and does business with parties located and domiciled in Rhode Island through its website Hollywoodfashionsecrets.com (the "Website") and through sales of its products through retailers such as Old Navy, including the Old Navy located at the Providence Place Mall, Providence, Rhode Island.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. §1121, and Title 28 of the United States Code, 28 U.S.C. §§1331, 1338(a) and (b) and 1367.  The amount in controversy exceeds $75,000.  Therefore, this Court also has jurisdiction under 28 U.S.C. §1332.

5.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

6.     This Court has personal jurisdiction over Defendant pursuant to the Rhode Island Long-Arm Statute, Rhode Island General Laws, § 9-5-33, and under federal due process principles.

**Factual Allegations**

7. RI Textile was founded in Rhode Island in 1913, and is currently the largest and most diverse narrow fabric manufacturer in the United States.

8. Since approximately February of 2005, RI Textile has been selling fashion care items including lint rollers; sweater combs; clothes brushes; double-sided body and clothing tape to keep clothing in place and including hem tape; sewing kits including sewing needles, sewing scissors, needle threader, pin cushion, safety pins and buttons all under the trademark FASHION EMERGENCY® (a copy of the packaging for RI Textile's hem tape, lint roller, body tape, quick fix kit and clothes shaver is attached as Exhibit A) and continues to sell the aforementioned items under the FASHION EMERGENCY® mark.

9. RI Textile owns U.S. Trademark Registration No. 3,429,260 for the mark FASHION EMERGENCY® for lint rollers; sweater combs to remove pills from sweaters and knit items; clothes brushes to brush lint, dust, hair and dandruff from clothes; and for double-sided body and clothing tape to keep clothing in place; clothing tape, namely, hem tape to keep clothing in place; sewing kits consisting of sewing needles, sewing scissors, needle threader, pin cushion, safety pins and buttons in International Classes 21 and 26.  A copy of the Certificate of Registration is attached as Exhibit B.  The Certificate of Registration is valid and subsisting, and RI Textile owns record title to the FASHION EMERGENCY® mark.

10. The FASHION EMERGENCY® Certificate of Registration is *prima facie* evidence of the validity of the FASHION EMERGENCY® trademark, RI Textile's ownership of the registered trademark, and RI Textile's exclusive right to use the registered trademark in

connection with the goods specified in the certificate of registration under 15 U.S.C. §1115(a), as well as constructive notice of RI Textile's claim of ownership under 15 U.S.C. §1072.

11. As a result of RI Textile's use of the FASHION EMERGENCY® mark since February of 2005, and through extensive advertising and promotional efforts, RI Textile has built up substantial good will in the FASHION EMERGENCY® mark.

12. Defendant Hollywood is advertising and selling fashion emergency kits containing fashion tape, deodorant removing sponges, lint removing sheets, safety pins, sewing needle and thread, buttons, adhesive buttons, hair bands, nail files, blister pads, static guard, shoe shine sponges, stain wipes and hypo-allergenic earring backs under the name, the "Fashion Emergency." A picture of the Hollywood Fashion Secrets' Fashion Emergency Kit packaging is attached as Exhibit C.

13. Defendant is offering identical and related goods as Plaintiff in an identical commercial field to identical customers, using the identical word "Fashion Emergency," that is confusingly similar to RI Textile's registered mark FASHION EMERGENCY®.

14. Defendant's use of "Fashion Emergency" in conjunction with the selling of "fashion emergency kits" (hereinafter the "Defendant's Goods") is likely to cause confusion in the marketplace between the sources of the competing products provided by Hollywood and RI Textile, such that customers are likely to be mistakenly led to believe the Defendant's Goods are produced or sponsored by RI Textile.

15. Upon information and belief, the Defendant's Goods promoted and sold by Defendant under the name Fashion Emergency is actually causing customers to be confused as to the origin of the services.

16. Upon information and belief, Defendant had and has actual knowledge of RI Textile's trademark rights in the FASHION EMERGENCY® brand.

17. Despite having actual knowledge of RI Textile's trademark rights, Defendant began and continues to market its infringing goods under the "Fashion Emergency" name.

18. Upon information and belief, Defendant's infringement of RI Textile's FASHION EMERGENCY® trademark is willful, deliberate, fraudulent and intentional.

19. Upon information and belief, Defendant fraudulently and intentionally copied RI Textile's FASHION EMERGENCY® trademark in an effort to deceive the consuming public and to benefit from the goodwill associated with RI Textile's products.

## Count I

**(Trademark Infringement Lanham Act, 15 U.S.C. §1114(a))**

20. Plaintiff RI Textile repeats and realleges all paragraphs of this Complaint as though fully set forth herein.

21. RI Textile is the exclusive owner of the trademark FASHION EMERGENCY®, Trademark Registration No. 3,429,260 which is valid and subsisting.

22. Defendant Hollywood's aforementioned acts in using "Fashion Emergency" on Defendant's Goods constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(a).

23. Such acts by the Defendant are without authority or permission of RI Textile and are likely to cause confusion or mistake or to deceive as to the source of origin of such products and are believed to already have caused actual confusion in the marketplace.

24. As a direct result of Defendant's infringement of RI Textile's trademark rights, RI Textile has suffered, and will continue to suffer, actual monetary damages in an amount to be established at trial.

25. The actions of the Defendant have and will continue to cause irreparable harm to RI Textile, including but not limited to, irreparable harm to RI Textile's goodwill associated with its trademark and reputation, for which there is no adequate remedy at law.

## Count II

**(Unfair Competition -- Lanham Trademark Act, 15 U.S.C. § 1125(a))**

26. Plaintiff RI Textile repeats and realleges all paragraphs of this Complaint as though fully set forth herein.

27. RI Textile is the exclusive owner of the trademark FASHION EMERGENCY®, Trademark Registration No. 3,429,260 which is valid and subsisting.

28. Defendant Hollywood has, on or in connection with Defendant's Goods used in commerce and continues to use in commerce, Plaintiff's FASHION EMERGENCY® mark.

29. Such use is without permission or authority of RI Textile and is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's Goods, by RI Textile.

30. Defendant's violation of RI Textile's rights in the FASHION EMERGENCY® mark is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage RI Textile and its trademark.

31. As a direct result of Defendant's wrongful conduct, as aforesaid, RI Textile has suffered, and will continue to suffer, actual monetary damages in an amount to be established at trial.

32. As a direct result of Defendant's violations, as aforesaid, RI Textile has suffered and will continue to suffer irreparable harm, including but not limited to, irreparable harm to RI Textile's goodwill associated with its trademark and reputation, for which there is no adequate remedy at law.

33. Defendant is liable for false designation pursuant to Sec. 43 of the Lanham Act, 15 U.S.C. §1125.

## Count III

**(Common Law Unfair Competition)**

34. Plaintiff RI Textile repeats and realleges all paragraphs of this Complaint as though fully set forth herein.

35. Defendant Hollywood, by means of its activities in manufacturing and/or offering for sale Defendant's Goods in the United States, has knowingly, willfully and/or intentionally violated RI Textile's Rhode Island common law unfair competition rights by creating a likelihood of confusion on the part of customers as to the origin of its products.

36. Defendant has intentionally used in commerce and continues to use in commerce RI Textile's FASHION EMERGENCY® mark in connection with Defendant's Goods in an effort to deceive the consuming public and to benefit from the goodwill associated with RI Textile's products and has, as a result, unfairly reaped a substantial commercial advantage to RI Textile's detriment.

37. As a direct result of Defendant's wrongful conduct, as aforesaid, RI Textile has suffered, and will continue to suffer, actual monetary damages in an amount to be established at trial.

38. As a direct result of Defendant violating RI Textile's Rhode Island common law unfair competition rights, as aforesaid, RI Textile has suffered and will continue to suffer irreparable harm, including but not limited to, irreparable harm to RI Textile's goodwill associated with its trademark and reputation, for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiff, RI Textile respectfully demands judgment as follows:

A. Preliminary and permanently enjoining defendant, Hollywood Fashion Secrets, Inc., including its officers, directors, employees, agents, servants, successors and assigns, as well as those in active concert in participation with it, from further infringement of RI Textile's FASHION EMERGENCY® trademark;

B. Order that all infringing articles in Defendant, Hollywood Fashion Secret, Inc.'s possession, including but not limited to labels, signs, prints, packaging and advertisements bearing the infringing mark, as well as plates, molds, and other means of making the infringing marks, be delivered to an officer of the Court to be destroyed;

C. Assess against Defendant, Hollywood Fashion Secrets, Inc. and award to Plaintiff, RI Textile, all monetary damages caused by Defendant, Hollywood Fashion Secret, Inc.'s wrongful conduct, including lost profits, post-judgment and pre-judgment interest, costs, attorney's fees, punitive damages and/or treble damages; and

D.      That the Court grants such other and further relief as the Court deems just and proper.

### Demand for Jury Trial

Plaintiff, Rhode Island Textile Company, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

RHODE ISLAND TEXTILE COMPANY

By its attorneys,

Date:  October 15, 2014                                           /s/ Jodi-Ann McLane
Jodi-Ann McLane, Esq. (#6173)
DINGMAN, MCINNES & MCLANE, LLP
31 Brownell St.
PO Box 555
Warren, RI 02885
Email: jodi@dmmiplaw.com
Telephone: 401-223-5853
Facsimile:  866-610-0507